UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCUS BERRY					CIVIL ACTION

VERSUS

LEON ROBERSON, ET AL.				NO.: 13-00145-BAJ-RLB

RULING AND ORDER

Before the Court is Plaintiff Marcus Berry's ("Berry") Partial Motion for Summary Judgment **(Doc. 14)**, seeking an order from this Court granting judgment in his favor regarding liability of the Defendants and causation of his injuries resulting from an automobile collision. Berry asserts that there is no genuine dispute as to any material fact concerning Defendant Leon Roberson's ("Roberson") fault for the collision or Berry's injury as a result of the collision. The motion is opposed. (Docs. 17, 18.) Oral argument is not necessary. Jurisdiction is proper under the diversity jurisdiction of the Court.

I. Background

The parties agree that the facts of this case are not in dispute and are true as they appear in Berry's Statement of Uncontested Facts. (Doc. 14-1.) As such, the facts established are:

- On February 15, 2012, at approximately 9:30 a.m., a collision occurred between Roberson and Berry at the intersection of Perkins Road and One Perkins Place in Baton Rouge, LA.
- At the time of the accident, Berry was operating his 2002 Honda Accord westbound on Perkins Road.
- Roberson was operating his 2000 Chevrolet Blazer eastbound on Perkins Road.
- At the above described time and location, Berry was proceeding through the intersection on a green traffic signal.
- At the above described time and location, Roberson made an unprotected left turn and drove his automobile into the path of the vehicle.
- Berry injured his back in the collision.

(Doc. 14-1, at 1-2.)

As a result of the collision, Berry filed suit against Roberson, Auto-Owners Insurance Company ("Auto-Owners"), and Progressive Paloverde Insurance Company ("Progressive")[1] (herein "Defendants") on January 24, 2013, in state district court. (Doc. 1, State Court Petition for Damages.) The case was removed to this Court on March 7, 2013. (Doc. 1.)

In the instant motion, Berry seeks an order granting partial summary judgment finding Roberson one-hundred percent at fault in the collision, as well as an order

---

[1] On August 28, 2014, Berry filed a request for 60-day order of dismissal, notifying the Court that he and Progressive had reached a settlement. (Doc. 25.) As such, the Court will render the ruling herein only to the remaining parties in the lawsuit.

finding that the collision is the cause of Berry's back injuries. (Doc. 14.) The Defendants do not take issue with Berry's request for partial summary judgment on Roberson's liability for the collision. Indeed, their opposition plainly states that "the Defendants do not oppose [Berry's] Motion for Partial Summary Judgment on liability." (Doc. 17, at 1, footnote 1.) However, the Defendants do oppose Berry's motion on the basis of causation and whether Berry suffered any injuries related to the incident and, if such injuries are present, the extent of the injuries. (*Id.*, at 1.) Specifically, the Defendants take issue with Berry's demand for damages alleging permanent injuries to his spine "that will require facet injections for the rest of his life." (*Id.*, at 2.) The Defendants assert that there has been no basis for a finding of such an injury to Berry, nor has there been any medical literature to support the claim that such an injury would require lifetime injections.

Nevertheless, Berry, in his supplemental memorandum in support of the motion, contends that the Defendants "incorrectly assert that [Berry] is seeking a ruling to determine the extent of the injury and future medical treatment." (Doc. 22, at 1.) Berry goes on to assert that the extent of his injury and future medical treatment is addressed by the damages portion of the case and that the issue of damages should be decided by a jury. (*Id.*) He contends that he only seeks a ruling on the cause of the injury. For the following reasons, the motion is granted in part and denied in part.

II. **Standard of Review**

Pursuant to the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the moving party carries its burden of proof under Rule 56, the opposing party must direct the court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Id.* The court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the court must deny the motion for summary judgment. *International Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential

to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

III. Discussion

   A.   Liability

As stated above, the Defendants do not oppose Berry's Motion for Partial Summary Judgment on the basis of liability; that is, Roberson's fault in the collision, and the parties are in agreement about the facts of this case. As such, the Court does not find it necessary to conduct an extensive analysis on this particular claim. Thus, Berry's motion for partial summary judgment on the issue of liability is GRANTED.

   B.   Causation of Berry's Injuries

The Court has carefully reviewed this issue and finds that the motion must be denied due to the presence of genuine issues of material fact as to whether Berry suffered any injuries as a result of the collision and, if so, to what extent he suffered such an injury. Indeed, there is conflicting medical evidence in the record that the Court must take into consideration, and finds this matter inappropriate for summary judgment. Thus, under Federal Rule of Civil Procedure 56(a), Berry is not entitled to judgment as a matter of law on this claim. The Court reaches this conclusion for several reasons.

5

## IV. Analysis

A review of the evidence submitted by the parties in connection with this motion clearly show that there is a genuine issue of material fact regarding what, if any, injuries Berry suffered because of the collision. Both parties heavily rely on the medical reports and deposition testimony of Allen S. Joseph, MD, of the NeuroMedical Center of Baton Rouge ("Dr. Joseph"). However, after a thorough review, it is abundantly obvious that each party is engaged in at least some selective reading of the reports, and that there are serious questions as to whether Berry's injuries are the result of the collision on February 15, 2012, whether his injuries pre-dated the collision but were aggravated by the accident, or whether Berry suffered an actionable injury at all.

On the one hand, Dr. Joseph's medical reports indicate that he "reviewed the patient's MR lumbar and thoracic," and that "[t]he studes are essentially normal. The only finding is the very mild degree of fact arthropathy in the lower thoracic and lumbar area that would be considered normal for age and body habitus. There are no abnormalities that would be expected to create pain and certainly not of the length and magnitude the patient reports." (Docs. 14-3, at 2, 17-1, at 2.) However, later in the report, he states that " [t]here is certainly a reasonable causal relationship between the patient's complaints of pain following the February 2012 accident for a period of several months. . . . More likely than not, this patient sustained a thoracolumbar region strain. It is likely aggravated by his work history and return to heavy duty activities. I foresee only the need for occasional use of medication and conservative noninvasive procedures into his future for any extended period of time." (*Id.*) Further,

in Dr. Joseph's deposition, when asked whether he believed that Berry was hurt by the collision, he stated, "I think that reasonable based on no problems with his back before and a period within, he said hours, I think [*sic*]." (Doc. 22-1, at 2, Allen Deposition.)

The Court agrees with Berry that, in personal injury suits, is it the plaintiff's burden to establish by a preponderance of the evidence a causal relationship between the injury sustained and the accident that caused the injury. *Frischertz v. SmithKline Beecham Corp.*, 2012 WL 6697124, at *6 (E.D. La. 12/21/12) (citing *Maranto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 759 (La.2/20/95)). Based on the evidence now before the Court, there is at least some evidence to support a finding that there is a relationship between the injury and the accident that caused the injury. However, the Court simply cannot ignore the Defendants' meritorious legal argument that "[g]enerally, under Louisiana law, causation in tort cases is a question of fact that is inappropriate for disposition upon summary judgment." *Miller v. Mr. B's Bistro, Inc.*, 2005 WL 2036780, at *3 (E.D. La. 08/03/05) (citing *Estate of Adams v. Home Health Care of La.*, 2000-2494 (La.12/15/00), 775 So.2d 1064, 1064)). Berry's evidence presented in connection with this motion has not convinced the Court that the preponderance standard has been met. Essentially, Berry asks the Court to make a finding that would deprive the Defendants of their right to defend the claims against them. Where there is a fundamental factual disagreement about a major issue in the case, the Court cannot support a finding that summary judgment is appropriate. Based on this evidence, the Court is satisfied that the question of causation regarding Berry's injuries is an issue more appropriate for the jury, not summary judgment.

V.  Conclusion

Accordingly,

**IT IS ORDERED** that is Plaintiff Marcus Berry's ("Berry") **Partial Motion for Summary Judgment (Doc. 14)** is **GRANTED in part, DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's motion is **GRANTED** on the issue of Defendant Leon Roberson's liability for the collision.

**IT IS FURTHER ORDERED** that Plaintiff's motion is **DENIED** on the issue of causation.

Baton Rouge, Louisiana, this 2nd day of September, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA