UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCUS BERRY                                        CIVIL ACTION

VERSUS

LEON ROBERSON, ET AL.                          NO.: 13-00145-BAJ-RLB

FINAL JUDGMENT

Considering Plaintiff Marcus Berry's **Written Notice of Acceptance of Remittitur (Doc. 55)** filed May 5, 2015:

**IT IS ORDERED, ADJUDGED, AND DECREED** that final judgment in this matter is entered on May 5, 2015 **IN FAVOR OF** Plaintiff Marcus Berry and **AGAINST** Defendants Leon Roberson and Auto-Owners Insurance Company in the sum of **SEVEN HUNDRED NINETY THOUSAND ($790,000.00) DOLLARS**, with interest from date of judicial demand, and costs.[1]

Baton Rouge, Louisiana, this __7th__ day of May, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] The Court's prior conditional judgment specified that legal interest would be calculated from the date of entry of final judgment. (Doc. 54 at p. 13). Such a calculation of the interest award was erroneous. In diversity cases, state law governs the award of interest. *See New Amsterdam Cas. Co. v. Soileau*, 167 F.2d 767, 771 (5th Cir. 1948). Under Louisiana law, interest in judgments sounding in damages *ex delicto* runs from the date of judicial demand, that is, the time the complaint is filed. La. R.S. § 13:4203. *See also Texaco, Inc. v. Lirette*, 410 F.2d 1064, 1067 (5th Cir. 1969) (affirming amended judgment to allow legal interest from time of judicial demand in diversity tort action). Plaintiff's written acceptance of remittitur indicates his acceptance of judgment awarding interest from the date of judicial demand. (Doc. 55 at p. 1). Thus, the Court's final judgment herein reflects the proper interest award calculation, to which Plaintiff has already expressed acquiescence.