UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCUS BERRY                                                    CIVIL ACTION

VERSUS

LEON ROBERSON, ET AL.

                                                    NO.: 13-00145-BAJ-RLB

RULING AND ORDER

Before the Court is a **Motion for Relief from a Judgment Pursuant to Fed.R.Civ.P. 60(B) or Alternatively a Declaratory Judgment (Doc. 67)** filed by Auto-Owners Insurance Company, which seeks to add limiting language to a judgment entered by the Court against it and its insured pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(6). (Doc. 67). Alternatively, Auto-Owners Insurance Company seeks a declaratory judgment stating that the judgment, as written, contains the limitation it requests without need for alteration. (*Id.*). Marcus Berry has filed a response, and both parties have submitted supplemental briefing. (Docs. 68, 71, 74). For the reasons that follow, Auto-Owners Insurance Company's motion is **DENIED**.

## I.   BACKGROUND

This action arises from a car accident that occurred in February 2012. Marcus Berry ("Plaintiff") filed suit against Leon Roberson, the driver of the other vehicle involved in the accident, and his insurer, Auto-Owners Insurance Company ("Defendant"). On September 17, 2014, a jury awarded Plaintiff $1,290,000 in

1

damages, and the Court entered judgment against Leon Robinson and Defendant for that sum. (Docs. 14, 44).

Defendant thereafter timely filed a motion for new trial, or alternatively, a motion for a remittitur. (Doc. 47). Defendant asserted that juror misconduct warranted a new trial or that the damages awarded by the jury were excessive. (*Id.*). The Court denied Defendant's motion for a new trial and granted its motion for remittitur, reducing the total damages awarded to Plaintiff to $790,000.00. (Doc. 54). Plaintiff later filed a notice accepting the Court's remittitur. (Doc. 55). The Court then entered a Final Judgment that read as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that final judgment in this matter is entered on May 5, 2015 **IN FAVOR** of Plaintiff Marcus Berry and **AGAINST** Defendants Leon Roberson and Auto-Owners Insurance Company in the sum of **SEVEN HUNDRED NINETY THOUSAND ($790,000.00) DOLLARS**, with interest from date of judicial demand, and costs.

(Doc. 56).[1] Defendant and Leon Roberson timely filed an appeal from this Final Judgment to the United States Court of Appeal for the Fifth Circuit. (Doc. 57).

On appeal, Defendant and Leon Roberson only challenged the quantum of damages awarded to Plaintiff relative to future medical expenses and general damages.[2] (Doc. 66 at pp. 3—4). The Fifth Circuit rendered a decision affirming the Final Judgment entered by the Court on December 10, 2015. (Doc. 66). On December 27, 2015, Defendant asserts, and Plaintiff does not dispute, that it mailed a check in

---

[1] The Final Judgment contains a footnote that is omitted that relates to the calculation of interest. This footnote is not relevant to the motion *sub judice*.

[2] *See also* Brief of Petitioners-Appellants, Marcus Berry v. Auto-Owners Insurance Company; Leon Roberson, No. 15-30483 (5th Cir. Dec. 10, 1015).

the sum of $100,000.00 to Plaintiff. (Doc. 67-1 at p. 2). Defendant contends that this amount corresponds to the limits contained in the policy under which it insured Leon Roberson. (Docs. 67-1 at p. 3, 67-3).

Sometime in April 2016, Defendant asserts that Plaintiff, for the first time, revealed his intent to collect from it the entire amount set forth in the Final Judgment. (Docs. 67-1 at p. 1, 67-2). In response to Plaintiff's efforts, Defendant filed the instant motion on April 20, 2016 seeking a declaratory judgment or relief pursuant to Rule 60(b)(6). Relative to its request for relief pursuant to Rule 60(b)(6), Defendant seeks to add language to the Final Judgment that references the Louisiana Direct Action Statute and the limits of the policy Defendant issued to Leon Roberson.

## II.   STANDARD OF REVIEW

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981)). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Id.* (quoting *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (citations omitted)). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Kennedy v. Texas Utils.*, 179 F.3d 258, 265 (5th Cir. 1999) (citation omitted)).

A district court may grant relief under Rule 60(b) for one of six reasons listed therein: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The Fifth Circuit has instructed that relief under Rule 60(b)(6) "is mutually exclusive from relief available under sections (1)-(5)." *Id.* at 642 (citing *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971)). Furthermore, relief under Rule 60(b)(6) is only warranted when "extraordinary circumstances are present." *Id.* (quoting *American Totalisator Co., Inc. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993) (citation omitted)).

The Declaratory Judgment Act provides that any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. § 2201. There must be a determination of whether the declaratory judgment is justiciable, whether the court has the authority to grant the relief, and whether the court should exercise its discretion to decide the action. *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 163 (5th Cir. 2015) (unpublished but persuasive).

## III. DISCUSSION

### A. Arguments of the Parties

Defendant asserts that it was sued pursuant to the Louisiana Direct Action Statute, which reads in pertinent part:

> The injured person or his survivors or heirs mentioned in Subsection A
> of this Section, at their option, shall have a right of direct action against
> the insurer within the terms and limits of the policy; and, such action
> may be brought against the insurer alone, or against both the insured
> and insurer jointly and in solido . . . .

La. R.S. 22:1269(B)(1). Defendant argues that the language of the statute necessarily limits—or should necessarily limit—its exposure under the Final Judgment to the limits contained in the policy it issued to Leon Roberson. (Doc. 67-1 at pp. 1, 4—6; Doc. 71 at pp. 1—4). To the extent Defendant was required to introduce the limits of the policy at issue into evidence in order to avail itself of the same, Defendant directs the Court to a stipulation that was memorialized in the Final Pretrial Order. (Doc. 71 at p. 5; Doc. 20 at p. 4). Specifically, the parties stipulated that:

> (5) At the time of the collision, there was a policy of liability insurance
> (policy # 48-378-494-01) provided by Defendant Auto Owners Insurance
> Company to policy holder Leon Roberson, under the terms of which it
> agreed to insure and indemnify Defendant Leon Roberson, for the
> damages asserted herein.

(Doc. 20 at p. 4). Defendant argues that it was entitled to rely upon this stipulation such that it was not required to introduce the policy or its limits into evidence at trial.[3] (Doc. 71 at pp. 5—6). Alternatively, Defendant asserts that Federal Rule of Evidence 411 barred it from introducing the policy and its limits into evidence. (*Id.* at pp. 4—5).

---

[3] Defendant asserts that it "was entitled to rely on the representations made in the Pre-trial Order such that there was no need to specifically introduce the policy at trial." (Doc. 71 at p. 5). Immediately thereafter, Defendant asserts that "[s]imply put, policy limits are generally not admissible; nonetheless, the insurance policy was admitted into evidence via stipulation. But, regardless of this fact, the Direct Action Statute still does not require an insurer to introduce its policy in order to be bound by its limits." (*Id.* at p. 6).

Defendant avers that Plaintiff's effort to recover the entire amount of the Final Judgment from it presents "unforeseen circumstances," because Plaintiff attempts to ignore the language of the Louisiana Direct Action. (Doc. 67-1 at p. 7). Defendant maintains that relief under Rule 60(b)(6) or a declaratory judgment is warranted to ensure that language in the Louisiana Direct Action Statute is not ignored. (Doc. 67-1 at pp. 6—10).

Plaintiff counters that the Direct Action Statute does not obviate the need of insurance companies to introduce policies of insurance—including the limits contained therein—into evidence in order to limit exposure to an excess judgment. (Doc. 68 at pp. 6—8). Although Defendant listed the policy at issue as an exhibit in the Final Pretrial Order, Plaintiff asserts that it never submitted the policy into evidence and consequently, the limits contained therein were never properly before the Court or the jury. (*Id.* at p. 4). Plaintiff further asserts that the stipulation reached by the parties only removed from contention the fact that Defendant issued a policy of insurance to Marcus Berry at the time of the accident; Plaintiff maintains that this stipulation did not in any way reference or incorporate the policy limits contained therein. (*Id.* at pp. 6—8).

Because evidence of policy limits was not properly before the Court or the jury, Plaintiff argues that Defendant is solidarily liable for the entire amount set forth in the Final Judgment. (*Id.*). Plaintiff further asserts that it believed Defendant did not introduce the policy at issue into evidence because it refused Plaintiff's offer to release Leon Roberson prior to trial. (*Id.* at p. 4). Regardless, Plaintiff argues that

Defendant's failure to introduce the policy at issue into evidence does not entitle it to relief under Rule 60(b) or a declaratory judgment that would have the same effect.

B. Law and Analysis

Louisiana law is clear that policies of insurance must generally be introduced into evidence in order for insurers to avail themselves of policy limits contained therein. *Williams v. Bernard*, 425 So. 2d 719 (La. 1983); *Willis v. State Farm Mut. Auto. Ins. Co.*, 99-708 (La. App. 3 Cir. 11/3/99); 747 So.2d 682, 683; *Payton v. Colar*, 488 So. 2d 1271, 1273 (La. App. 4 Cir. 1986), *writ denied*, 494 So. 2d 332 (La. 1986). Louisiana courts have also instructed that the Louisiana Direct Action Statute does not, in and of itself, limit an insurer's exposure under a judgment when evidence of policy limits is not introduced. *Willis*, 99-708; 747 So.2d at 683; *Payton*, 488 So. 2d at 1273. Thus, while the Louisiana Direct Action Statute imposes solidary liability on an insurer up to the policy limits of its insured, the mechanism to place such policy limits before the Court is an evidentiary one that does not operate automatically. *Id.*

Defendant does not persuasively distinguish the weight of Louisiana jurisprudence on this issue. The Court therefore looks to determine what evidence, if any, was introduced related to the policy of insurance Defendant issued to Leon Roberson. In doing so, the Court is mindful that Louisiana courts have distinguished between stipulations reached as to coverage under an insurance policy and stipulations reached as to the limits of an insurance policy. *Perkins v. Carter*, 09-673, pp. 7—11 (La. App. 5 Cir. 12/29/09); 30 So.3d 862, 867—869; *Malloy v. Vanwinkle*, 94–2060, pp. 2–4 (La. App. 4 Cir. 9/28/95), 662 So.2d 96, 99.

Although not dispositive, Defendant concedes that it did not publish the policy at issue to the jury at trial. (Doc. 71 at p. 5 n.3). *See Briscoe v. Stewart*, 423 So. 2d 1198 (La. App. 4 Cir. 1982), *writ denied*, 432 So. 2d 266 (La. 1983) (insurer's admission of policy into evidence did not require its publication to the jury). The Court also notes, however, that the policy does not appear on the list of exhibits introduced at trial. (Doc. 40). A review of the trial transcript confirms that the policy was not submitted into evidence by Defendant. Trial Transcript, Volume I, 9-15-14, 182:1—188:20. And while the Court did instruct the jury to consider the parties' stipulations of fact, Plaintiff is correct to note that the parties did not enter into any stipulation that set forth the policy limits that Defendant now relies upon to limit its exposure under the Final Judgment.[4] (Doc. 40); Trial Transcript, Volume II, 9-16-14, 174:20—175:18.

Briefly, the Court dispels Defendant's assertion that Federal Rule of Evidence 411 barred it from introducing the policy into evidence. A cursory reading of Federal Rule of Evidence 411 reveals that evidence of liability insurance is not admissible to prove negligence or other wrongful acts by the insured. Fed. R. Evid. 411. The rule goes on to say that ". . . the court may admit this evidence for *another purpose*, such as proving a witness's bias or prejudice or proving agency, ownership, or control." *Id.* (emphasis added). Rule 411 did not prohibit Defendant from admitting the policy into

---

[4] Again, this stipulation read:

> (5) At the time of the collision, there was a policy of liability insurance (policy # 48-378-494-01) provided by Defendant Auto Owners Insurance Company to policy holder Leon Roberson, under the terms of which it agreed to insure and indemnify Defendant Leon Roberson, for the damages asserted herein.

evidence for the purpose of establishing its limited liability vis-à-vis the limits contained therein and the Louisiana Direct Action Statute.[5] Defendant could have mitigated any risk of prejudice created by admission of the policy into evidence by requesting that it not be published to the jury, that it be redacted, or that a limiting instruction be given. *See DSC Commc'ns Corp. v. Next Level Commc'ns*, 929 F. Supp. 239, 242—46 (E.D. Tex. 1996).

Against the backdrop of this evidentiary lacuna, the Court concludes that the Final Judgment did not erroneously omit language that would limit Defendant's liability to the policy limits it now seeks to rely upon, and Defendant is therefore not entitled to the declaratory judgment it requests. The Court cannot simply declare that the Final Judgment says something that it plainly—or implicitly—does not in response to evidence that was not properly before it.

The Court next addresses whether Defendant is entitled to the relief it requests pursuant to Rule 60(b)(6). As previously indicated, Defendant has not sought relief pursuant to Rule 60(b)(1) and instead argues that "relief under Rule 60(b)(6) is appropriate given that the requested relief does not fall in any of the other enumerated grounds." (Doc. 67-1 at p. 7). Defendant unquestionably had the evidence it belatedly brings to the Court's attention even before its insured injured Plaintiff. Upon review, the Court concludes that "extraordinary circumstances" within the meaning of Rule 60(b)(6) are simply not present to warrant disturbing the Final

---

[5] Although the existence and amount of a liability policy is not relevant under the law of most states, the existence of a liability policy is an essential element of a claim brought pursuant to the Louisiana Direct Action Statute.

Judgment. *See Hesling*, 396 F.3d at 642 & n.6. As recognized by the court in *Payton*, which denied the same relief Defendant now seeks, Defendant "had ample time prior to and during trial to procure admissible evidence of the policy limits" in this case.[6] *Payton*, 488 So. 2d at 1272. Furthermore, "when judgment was rendered holding [Defendant] solidarily liable for an amount in excess of its policy limits, [it] could have appealed." *Id*. Defendant did not, however, raise this issue on appeal.

In light of the Louisiana jurisprudence discussed *supra*, the Court concludes that Defendant's failure to raise the issue of its policy limits in its answer, (Doc. 3), in a motion for summary judgment, in its response to Plaintiff's motion for summary judgment, (Doc. 17), in a proposed verdict form, in its proposed jury instructions, (Docs. 30, 38), and critically, by way of stipulation or introduction of evidence at trial militates against finding that "extraordinary circumstances" are present under Rule 60(b)(6). The Court is guided, in part, by the cautionary language in *Willis* that recognizes the difficulty of discerning whether an insurer's failure to introduce a policy into evidence is a deliberate decision designed to protect its insured from an excess judgment. *Willis*, 99-708; 747 So.2d at 683. The Court has no way of knowing if there was any strategic value in withholding the policy from evidence.

---

[6] The Court is aware that in *Payton*, the insurer sought relief by way of a motion for new trial and/or judgment notwithstanding the verdict and/or remittitur pursuant to state procedural law. *Payton*, 488 So. 2d at 1272.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Relief from a Judgment Pursuant to Fed.R.Civ.P. 60(B) or Alternatively a Declaratory Judgment (Doc. 67)** filed by Auto-Owners Insurance Company is hereby **DENIED**.

Baton Rouge, Louisiana, this 17th day of June, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

11