## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

MARCUS BERRY                                              CIVIL ACTION

VERSUS

LEON ROBERSON, ET AL.                          NO.: 13-00145-BAJ-RLB

### RULING AND ORDER

Before the Court is the **Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 78)** filed by Auto-Owners Insurance Company ("Defendant"). Defendant asks the Court to reconsider and amend the previous Ruling and Order (Doc. 75) addressing Defendant's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(B) or Alternatively a Declaratory Judgment (Doc. 67) and to, by extension, enter a new judgment that includes language limiting Defendant's liability to the policy limits contained in the insurance contract issued to Mr. Leon Roberson. Marcus Berry ("Plaintiff") filed a response (Doc. 80) and Defendant replied (Doc. 84). Oral argument is not necessary. For the reasons that follow, Defendant's motion is **DENIED**.

## I.    BACKGROUND

Plaintiff filed the instant personal injury action in the Nineteenth Judicial District Court, East Baton Rouge Parish, Louisiana, on January 29, 2013. (Doc. 1). The lawsuit was thereafter removed to this Court on March 7, 2013, and the matter was tried before a seven-member jury. On September 19, 2014, the jury awarded Plaintiff $1,290,000. (Doc. 41). Upon motion by the Defendant, the Court reduced

1

damages awarded to Plaintiff to $790,000. (Doc. 54). Plaintiff later filed a notice accepting the Court's remittitur. (Doc. 55). The Court's Final Judgment was rendered "IN FAVOR of Plaintiff Marcus Berry and AGAINST Defendants Leon Roberson and Auto-Owners Insurance Company." (Doc. 56). Defendant and Mr. Roberson timely appealed the Final Judgment to the U.S. Court of Appeals for the Fifth Circuit (Doc. 57), which the Fifth Circuit affirmed. (Doc. 66).

On June 3, 2015, Defendant mailed a check in the sum of $100,000 to Plaintiff, which allegedly corresponded to the limits contained in the policy under which it insured Mr. Roberson. (Doc. 67-2). When Plaintiff rejected the payment and sought to collect from Defendant the entire amount set forth in the Final Judgment, Defendant sought a declaratory judgment or, in the alternative, relief under Federal Rule of Civil Procedure ("Rule") 60(b).[1] (Doc. 67). The Court denied Defendant's request for relief, holding that because Defendant failed to introduce its policy into evidence at trial, Defendant failed to demonstrate the presence of "extraordinary circumstances" under Rule 60(b)(6). (Doc. 75).

In response to this Court's ruling, Defendant filed the instant motion on July 14, 2016, seeking to alter or amend the Court's Ruling and Order denying relief pursuant to Federal Rule of Civil Procedure ("Rule") 59(e). Relative to its request for relief under Rule 59(e), Defendant seeks to by extension amend the Final Judgment

---

[1] Defendant's motion was fashioned as one in which Defendant sought relief generally under Rule 60(b). (Doc. 67). However, in its motion, Defendant specifically asserted that relief was warranted under Rule 60(b)(6), thereby foregoing other enumerated grounds for relief under Rule 60(b). (*See* Doc. 75 at p. 4).

to reflect policy limits included in the insurance contract between Defendant and Mr. Roberson.

## II.    STANDARD OF REVIEW

Defendant's motion requests that the Court reconsider its Ruling and Order entered June 17, 2016, which denied Defendant's request to add limiting language to a judgment rendered by the Court. Because Defendant's motion was filed within twenty-eight days of the challenged Ruling, it is properly and timely treated as a motion pursuant to Rule 59(e). *See Turner v. Chase*, No. 08-4951, 2010 WL 2545277, at *2 (E.D. La. June 16, 2010).

The Fifth Circuit has explained the purpose and application of Rule 59(e) as follows:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks, citations, and alterations omitted). "Because Rule 59(e) motions are subject to much more stringent time requirements than 60(b) motions, Rule 59(e) motions provide relief for the movant on grounds at least as broad as Rule 60 motions." *Id.* "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Rule 59(e), therefore, provides district courts with the power to

consider equitable factors and provide relief for 'any … reason justifying relief from the operation of the judgment.'" *Templet*, 367 F.3d at 483.

However, a litigant may not use a Rule 59(e) motion to raise "arguments that could, and should, have been made before the judgment issued." *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008). Such a motion is not intended to give parties a 'second bite at the apple' on the same issues previously addressed by the parties and the Court. *See Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005). The granting of a motion for reconsideration is "an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. In determining whether to grant a motion to reconsider a prior judgment, courts must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.*

## III.   DISCUSSION

### A. ARGUMENTS OF THE PARTIES

Defendant reasserts that the Louisiana Direct Action Statute, La. Rev. Stat. § 22:1269 *et seq.*, ("Direct Action Statute"), does not absolutely require insurers to prove policy limits at trial by placing the policy into evidence. (Doc. 78 at p. 8). Rather, Defendant argues that because the policy limits were placed into the record well before trial (*See* Doc. 8 at p. 3), no additional proof of the limits were required at trial. (Doc. 78 at p. 5). Additionally, because the extent of Defendant's liability was not a contested issue at any point during the litigation, Defendant maintains that it was not required to offer proof of its limited liability under the Direct Action Statute. (Doc.

78 at p. 7). To that point, Defendant contends that if Plaintiff contested the policy limits, Plaintiff should have raised the issue in the pretrial order or at any other time before the case was put to the jury. (Doc. 78 at 7).

Defendant also asserts that any issue regarding the application of the policy limits is a matter to be resolved by the Court, not the jury. (Doc. 78 at p. 10). Because of this, Defendant states it was not required to put before the jury evidence of the applicable policy limits. (Doc. 78 at p. 10). This, Defendant urges, "would only serve to prejudice the insurer before the jury." (Doc. 78 at p. 11). Defendant re-alleges the applicability of Rule 60(b), specifically asserting that its failure to introduce the insurance policy into evidence should be considered excusable neglect under Rule 60(b)(1). (Doc. 78 at p. 12). This position is appropriate, according to Defendant, because Plaintiff knew of the policy limits, Plaintiff did not dispute the policy limits, and Plaintiff was never otherwise misled or deceived about the policy limits. (Doc. 78 at 13). In addition, Defendant asserts that maintaining the current interpretation of the Final Judgment as requiring Defendant to pay in excess of the policy limits would be punitive in nature, which requires a finding of bad faith on the part of the insurer. (Doc. 78 at p. 14). As such, Defendant avers that preserving the current language of the Final Judgment would result in a deprivation of its property interest in the amount of $690,000 without notice in violation of the Fifth Amendment's Due Process Clause. (Doc. 78 at p. 16).

Plaintiff counters with a number of procedural objections. Plaintiff asserts that Defendant's putative Rule 59(e) motion is actually a Rule 60(b)(1) motion subject to

a peremptory period of one year. (Doc. 80 at p. 3). Plaintiff also asserts that, to the extent the instant motion should be analyzed under Rule 60(b)(1), Defendant admitted this particular subsection of Rule 60(b) was not applicable in its last motion, which asked for relief under Rule 60(b)(6). (Doc. 80 at p. 5). Additionally, Plaintiff states that to the extent the Rule 59(e) motion is analyzed as such by the Court, it is untimely as the Final Judgment in this case was rendered on May 7, 2015. (Doc. 80 at p. 5).

Plaintiff adds that the Direct Action Statute cannot now impose restrictions to the extent of the policy limits because Defendant never submitted the policy into evidence, never raised the policy limits as an issue or defense prior to trial, and never stipulated to the amount of coverage for trial. (Doc. 80 at p. 6). More specifically, Plaintiff avers that because any references to Defendant's liability under the insurance policy stated that it would insure Mr. Roberson against and indemnify him for "the damages asserted herein," the limitations specifically featured in the policy do not protect Defendant. (Doc. 80 at p. 6).

### B. LAW AND ANALYSIS

This Court has recognized that although the "Louisiana Direct Action Statute imposes solidary liability on an insurer up to the policy limits of its insured, the mechanism to place such policy limits before the Court is an evidentiary one that does not operate automatically."(Doc. 75 at p. 7). In the instant motion, Defendant has offered numerous reasons as to why this Court should retreat from that finding.

However, none of the reasons offered are sufficient under Rule 59(e) to warrant such a retraction.

As noted, Defendant's motion raises several new arguments in support of its assertion that it was not required to introduce evidence of the policy limitations at trial. The first is Defendant's assertion that it was not required to put on evidence of the policy limits because the application of the insurance policy limit under the Direct Action Statute is a question of law to be decided by the Court, not the jury.  The second is that holding Defendant liable in excess of its policy limits in the amount of $690,000 implicates its due process rights because such a finding is punitive in nature. These arguments present new legal theories that cannot be urged in a Rule 59(e) motion. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("[Motions for reconsideration] cannot be urged to argue a case under a new legal theory."). Because there is no assertion—nor does the Court recognize on its own— that the arguments should be considered as a result of the discovery of new evidence concerning the aforementioned claims, relief under Rule 59(e) is not warranted on such basis. The Court will, however, consider Defendant's remaining arguments to the extent that the holdings are allegedly based on a manifestly erroneous interpretation of the law discussed in the Court's previous Ruling.

1.  The Direct Action Statute's Requirement for Admission of the Policy Into Evidence

The Court declines to accept Defendant's contention that the Direct Action Statute does not absolutely require the admission of an insurance policy into evidence

for a judgment against an insurer to be rendered within the applicable policy limits. In its motion, the Defendant engages in a thorough discussion of various Louisiana cases—including *Williams v. Bernard,* 425 So.2d 719 (La. 1983), *Payton v. Colar*, 488 So.2d 1271 (La. App. 4 Cir. 5/12/86), and *Willis v. State Farm Mut. Auto. Ins. Co.*, 99-708 (La. App. 3 Cir. 11/3/99); 747 So.2d 682—which it argues create no requirement that the policy limits be placed into evidence at trial. (Doc. 78-1 at p. 8). However, in discussing these cases, Defendant fails to establish that this Court's previous Ruling—specifically the finding that Louisiana courts and the Direct Action Statute do not, in and of themselves, limit an insurer's exposure under a judgment when evidence of policy limits is not introduced—was based on a manifest error of law.

A "'manifest error' is not shown by the 'disappointment of the losing party,'" rather it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Shaw v. Broadcast.com, Inc.*, No. 98-cv-2017-P, 2005 U.S. Dist. LEXIS 34553, at *5 (N.D. Tex. Dec. 20, 2005) (*quoting Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)); *see also Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (defining "manifest error" in the appellate review context as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law" (citation and internal quotation marks omitted)).

Louisiana state courts have had the opportunity to address the precise question that confronts this Court in *Payton* and *Willis*. In *Payton*, the Louisiana Fourth Circuit Court of Appeal reversed the trial court's decision to admit evidence of the policy limits nine months after trial had concluded and a judgment was entered.

8

During the seven-day trial, Insurors Indemnity tried but failed to introduce an acceptable copy of the insurance policy into evidence. *Payton*, 488 So.2d at 1272. At the trial's conclusion, the plaintiff recovered a personal injury judgment against Insurors Indemnity and its two co-defendants in the amount of $711,000, plus interest from judicial demand and costs. *Id*. After the final judgment was rendered, Insurors Indemnity moved for a new trial and/or judgment notwithstanding the verdict and/or remittitur, all on the grounds that the amount of the judgment exceeded the applicable policy limits. *Id*. However, the motions were denied. *Id*. For several months after the final judgment was entered, Insurors Indemnity tried to introduce the policy into evidence. *Id*. Finally, by a judgment rendered ten months after the trial concluded, the trial judge permitted Insurors Indemnity to file its policy into trial record as an exhibit. *Id*. In holding that the trial judge's decision to admit the policy into evidence was erroneous, the Louisiana Fourth Circuit recognized that Insurors Indemnity had ample time prior to and during trial to introduce admissible evidence of the policy limits. *Id*. The court also noted that Insurors Indemnity could have proffered the policy or appealed the final judgment holding it liable in solido with its two co-defendants. *Id*. Because it appeared that by admitting the policy the trial court was merely "succumbing to months of persistant (sic) pleading by the insuror (sic)," the Fourth Circuit found the trial judge in error and held Insurors Indemnity liable in solido for the $711,000 judgment. *Id*. at 1273.

*Willis* presented a set of facts slightly distinct from that in *Payton*. In *Willis*, State Farm—which was sued as the lone defendant under the Direct Action Statute—

was cast in judgment for personal injury damages in excess of its $10,000 per person, $20,000 per accident policy limits. *Willis*, 747 So.2d at 684. When State Farm filed a motion to correct the judgment on the grounds that the judgment did not reflect the policy limits, the trial judge granted the motion and ordered a new trial at which time the policy limits were introduced into evidence. *Id.* The trial judge thereafter entered a judgment recognizing the policy limits. *Id.* On appeal, the Louisiana Second Circuit Court of Appeal, after acknowledging the amount of discretion the trial judge had in determining whether to grant a new trial, affirmed the lower court's decision, recognizing that the trial court found State Farm's failure to introduce the policy limits into evidence as a technicality. *Id.* at 686.

After reviewing the cases and the Defendant's argument, it is the Court's observation that the relevant facts in each case determine whether subsequent attempts to limit liability will be successful. In any event, these cases do not upset the Court's previous Ruling, which noted that policies of insurance must generally be introduced into evidence in order for insurers to avail themselves of policy limits contained therein under the Direct Action Statute. (Doc. 75 at p. 7). As such, the Court's interpretation of the jurisprudence was not a manifestly erroneous interpretation of controlling precedent or of the Direct Action Statute. *See, e.g., Guy*, 394 F.3d at 325.

2. The Pretrial Order

Defendant also argues that because the policy limits were placed into the record well before trial (Doc. 8 at p. 3), and because the extent of Defendant's liability

was not a contested issue at any point during the litigation, no additional proof of the limits were required at trial. (Doc. 78 at p. 5). In support of this assertion, Defendant relies heavily on *Perkins v. Carter*, 09-763, pp. 7 – 11 (La. App. 5 Cir. 12/29/09), 30 So.3d 862, asserting that "this case is nearly identical to *Perkins*, but with the roles reversed." (Doc. 78-1 at p. 6). This Court is not persuaded by that reasoning.

In *Perkins*, the plaintiff sued United Services Automobile Association (USAA) following an automobile accident involving USAA's alleged insured, Dr. Howard Woo. *Perkins*, 30 So.3d at 864. At the conclusion of the plaintiff's case, USAA moved to dismiss on the basis that the plaintiff failed to satisfy his burden of proving that Dr. Woo was insured by USAA at the time of the accident. *Id.* at 864 – 865. On appeal, the plaintiff argued that he was not required to put on evidence regarding coverage because the pretrial order listed USAA as Mr. Woo's insurer. *Id.* at 868. Because the pretrial order contained this stipulation, and because USAA did not otherwise put the question of coverage at issue, the Louisiana Court of Appeals for the Fifth Circuit held that the plaintiff was not required to put on evidence as to coverage to prevail in his claim against USAA. *Id.* at 870.

Here, Defendant asserts that the facts in front of this Court are identical to those presented to the court in *Perkins*. Specifically, Defendant relies on *Perkins* in arguing that because Plaintiff failed to include policy limits as a contested issue in the pretrial order, Defendant was not obligated to put forth evidence of the applicable policy limits. (Doc. 78 at p. 5).  Put simply, by asking the Court to accept this characterization of *Perkins*, Defendant seeks to have this Court allow it to avoid

liability through its own failure 1) to identify a potentially contested issue for which it has the burden of proof at trial,[2] and 2) to subsequently omit evidence as to the potentially contested issue at trial. This position is troubling, as accepting Defendant's argument would put the onus on Plaintiff to place the issue of policy limits into contention, even though doing so would potentially be to his detriment by serving to limit his overall potential recover. The Court cannot place Plaintiff into such a position, and Defendant has failed to point to any cases or statutes that impose such a burden on Plaintiff.

Although the Fifth Circuit has held that a party need not offer proof as to a fact expressly stipulated to in the pretrial order, *Shell Oil v. M/T GILDA*, 790 F.2d 1209, 1215 (5th Cir. 1986), or as to a legal theory that differs from an expressly stipulated argument, *U.S. v. First National Bank of Circle*, 652 F.2d 882, 886 (5th Cir. 1981), to accept Defendant's assertion would be to take the law on this point out of context.

### 3. Excusable Neglect

Finally, Defendant argues that any failure to introduce policy limits should be considered by the Court as excusable neglect under Rule 60(b)(1) because Defendant

---

[2] The Court has previously noted that Louisiana courts have distinguished between stipulations reached as to coverage under an insurance policy and stipulations reached as to the limits of an insurance policy. (Doc. 75 at p. 7), *see also Malloy v. Vanwinkle*, 94-2060, pp. 2 – 4 (La. App. 4 Cir. 9/28/95, 662 So.2d 96, 99. One of the main distinctions between stipulations as to either concerns the required burden of proof. Specifically, Louisiana courts have consistently held that "in an action under an insurance contract, the insured bears the burden of proving the existence of policy and coverage. The insurer, however, bears the burden of showing policy limits or exclusions." *Whitham v. Louisiana Farm Bureau Cas. Ins. Co.*, 45-199 at **4 (La. App. 2 Cir. 04/14/2010), 34 So.3d 1104, 1107.

genuinely believed that it was not required to introduce the policy.[3] In *Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993), the United States Supreme Court stated that the determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* In determining whether a party's neglect was excusable, the Supreme Court took into account several circumstances, including "the danger of prejudice to the debtor" and "whether the movant acted in good faith." *Id.* at 396. Though *Pioneer* concerned the bankruptcy rules, it has been applied to requests for relief under Rule 60(b)(1). *See Silvercreek Mgmt., Inc. v. Banc of America Sec., LLC*, 534 F.3d 469, 472 (5th Cir. 2008).

Here, the factual circumstances are such that the Court cannot readily dismiss the actions—or inaction—of Defendant on the basis of excusable neglect. Defendant had the opportunity to limit its potential liability to Plaintiff at numerous stages of the trial and after the Final Judgment was rendered. Although Defendant did file a post-trial motion and appeal the Court's Final Judgment, neither of these steps were done in an attempt to invoke the contractual protections provided by way of its policy limits. As such, the Court finds Defendant's failure to introduce evidence of its policy limits was not excusable neglect.

---

[3] In his response to this assertion, Plaintiff argues that the Court is unable to review Defendant's Rule 60(b)(1) argument because the Court already considered Defendant's argument under Rule 60(b)(6). However, the Court will consider the argument, as the Fifth Circuit has held that "[b]ecause Rule 59(e) motions are subject to much more stringent time requirements than 60(b) motions, Rule 59(e) motions provide relief for the movant on grounds at least as broad as Rule 60 motions." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Thus, the Court can include in its considerations under Rule 59(e) whether Defendant's failure to include the policy limitations in evidence constitutes "excusable neglect" under Rule 60(b)(1).

Additionally, the law recognizes that ignorance or misapprehension of the law is not a justifiable basis for modifying a judgment under Rule 60(b)(1). *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993). Because of this, Defendant's contention that it did not know that introduction of the policy limits into evidence was required does not justify the Court modifying the previous Ruling. Thus, the Court is not convinced that Defendant's failure to introduce evidence of the policy limits at trial constitutes excusable neglect.

## IV.   CONCLUSION

The Court reiterates that Defendant had numerous opportunities during the course of litigation to attempt to limit its liability with respect to Plaintiff, but failed to do so. Although the Court recognizes Defendant's discontent with the Final Judgment, such discontent is not a basis upon which to overturn a Judgment that has been rendered final. This Court is guided by the language in *Williams v. Bernard*, which recognized that "[a]fter coverage has been stipulated, an insurer cannot remain silent on extent of coverage and then complain when a jury awards an amount in excess of the policy limit." *Williams*, 413 So.2d 198 (La. App. 4 Cir. 04/07/1982).

Accordingly,

**IT IS ORDERED** that the **Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 78)** filed by Defendant Auto-Owners Insurance Company is hereby **DENIED**.

14

**IT IS FURTHER ORDERED** that the **Motion for Oral Argument on Defendant Auto-Owner Insurance Company's Motion to Alter or Amend a Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. 79)** is **DENIED**.

Baton Rouge, Louisiana, this 26th day of October, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**